# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

IN RE: GREGORY COLLINS PERRY
and AMY LEE PERRY

                Debtors.

GREGORY COLLINS PERRY
and AMY LEE PERRY,

                Appellants,

v.                                               CIVIL ACTION NO. 5:12-cv-00781

STEVE E. SEARS
and DIANE B. SEARS,

                Appellees.

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

IN RE: GREGORY COLLINS PERRY
and AMY LEE PERRY

                Debtors.

STEVE E. SEARS
and DIANE B. SEARS,

                Appellants,

v.                                              CIVIL ACTION NO. 5:12-cv-00917

GREGORY COLLINS PERRY
and AMY LEE PERRY,

                Appellees.

**MEMORANDUM OPINION AND ORDER**

Appellants Gregory Collins Perry and Amy Lee Perry ("the Perrys") seek to appeal various adverse rulings of the United States Bankruptcy Court for the Southern District of West Virginia, Beckley Division, which culminated in the January 27, 2012 Order Awarding Damages as Non-Dischargeable Debt against Mr. Perry. *In Re: Gregory Collins Perry et al*, Civil Action No. 5:12-cv-0781 (S.D. W. Va. March 20, 2012). As a result of this Order, Mr. Perry became responsible for $158,345 in non-dischargeable debt payable to Steve E. and Diane B. Sears ("the Sears"). After seeking and obtaining an extension of time to file a notice of appeal, Mr. Perry filed this appeal on March 5, 2012.

Thereafter, on March 19, 2012, the Sears, Appellees/Cross-Appellants, initiated this cross-appeal contesting the Bankruptcy Court's decision to grant Mr. Perry's motion for an extension of time to file his appeal. *In Re: Gregory Collins Perry et al*, Civil Action No.5:12-cv-0917 (S.D. W. Va. March 29, 2012). The Sears seek a ruling (1) that the Bankruptcy Court erred in granting Mr. Perry's motion because he failed to demonstrate excusable neglect, and (2) that this Court lacks jurisdiction to consider his appeal.

Upon consideration of these appeals, the memoranda in support and in opposition, and for the reasons stated herein, the Court finds that the Bankruptcy Court erred in finding that Mr. Perry presented a sufficient basis to demonstrate excusable neglect and further finds that this Court lacks jurisdiction over Mr. Perry's appeal.

*I.*

On June 30, 2009, the Perrys filed a Chapter 7 Bankruptcy petition in the United States Bankruptcy Court for the Southern District of West Virginia, Beckley Division. On September

1, 2009, the Sears initiated an Adverse Proceeding against the Perrys seeking a determination of the dischargeability of debt. In their complaint, the Sears alleged that the Perrys owned a construction company, referred to as GC Perry Construction Group, Inc.; that on April 21, 2007, the Sears contracted with Gregory Perry to construct a new home for $411,267.00; the Sears subsequently financed a loan through Countrywide Home Loans, Inc.; and that the Perrys requested and accepted approximately $360,000 from the construction loan, funds which were to be used for the payment of materials and labor in building the Sears' home. The Sears further alleged that the Perrys: (1) diverted the loan funds for their own use or for their use on jobs other than the construction of the Sears' home, and (2) failed to pay various subcontractors, which resulted in eleven subcontractors recording mechanics' liens on the Sears' home totaling approximately $180,638.78. Pursuant to Sections 523(a)(4), 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code, the Sears asserted claims for breach of fiduciary duties, fraud and conversion, and sought a ruling that certain amounts should not be subject to discharge from the Perry's Chapter 7 bankruptcy.

On February 1, 2011, the Sears moved for summary judgment. They asserted, among other things, that the Perrys received a total of $410,052.02 from the Countrywide home loan, applied $251,481.62 toward invoices in connection with the construction of the home, and left an unaccounted for balance of $158,570.08, which represented funds the Perrys received but did not use on the home. On April 19, 2011, the Bankruptcy Court denied the motion finding that the issues raised therein consisted primarily of questions of fact, and scheduled the matter for trial on June 10, 2011. On June 9, 2011, the Bankruptcy Court, *sua sponte*, reconsidered its April 19, 2011 ruling and determined that the Sears were entitled to summary judgment as to liability and non-dischargeability with respect to Gregory Perry. However, the Bankruptcy Court denied

summary judgment with respect to liability as to Amy Perry. The court also determined that there remained a lack of clarity with respect to the amount and legal basis for several of the Sears' claim components concerning Mr. Perry's obligation. On January 13, 2012, the Bankruptcy Court conducted an evidentiary hearing on the Sears' provable claims for damages. At the conclusion of the hearing, the Court announced its ruling that the amount of the non-dischargeability judgment that should be rendered in favor of the Sears against Mr. Perry would be $158,345.00, with interest at the federal rate. On January 27, 2012, the Bankruptcy Court memorialized its finding in a written Order Awarding Damages as Non-Dischargeable Debt.

The Perrys neither filed a timely motion to alter or amend the judgment, nor, a timely notice of appeal. Instead, on February 23, 2012, Mr. Perry filed the "Motion of Gregory Collins Perry Pursuant to Rule 8002(c)(2) for Extension of Time in Which to File Appeal." To support this request, counsel for Mr. Perry explained, in relevant part, that:

> 4. The movant and counsel evaluated potential remedies following entry of the Judgment Order. Counsel evaluated Bankruptcy Rule 9023 which states that Federal Rule of Civil Procedure 59 is applicable to cases under the Bankruptcy Code. A review of Federal Rule 59 at 59(c) states that a Motion to Alter or Amend a Judgment must be made no later than twenty-eight (28) days from the entry of the Judgment. However Bankruptcy Rule 9023 establishes the deadline at fourteen (14) days.
>
> . . .
>
> 6. As a result of oversight in review of the applicable Bankruptcy Rule of Procedure as compared to the Federal Rule of Civil Procedure, no Motion to Modify was filed. In fact Bankruptcy Rule 9006 (b)(2) prohibits enlarging time for any Motion under Bankruptcy Rule 9023.
>
> 7. Bankruptcy Rule 8002 (c)(2) however does permit enlargement of time for filing a Notice of Appeal even if the Motion is filed beyond fourteen (14) days from entry of the Order upon a showing of excusable neglect.

> 8. The movant respectfully requests that this Court deem counsel's review of the language of Bankruptcy Rule 9023 in comparison to Federal Rules of Civil Procedure 59 and the disparate time periods and deadlines as between these Rules basis [sic] for excusable neglect.

(Record on Appeal, Ex. 1, Motion of Gregory Collins Perry Pursuant to Rule 8002(c)(2) for Extension of Time in Which to File Appeal (Document 2-1) at 1).[1]

Thereafter, on February 27, 2012, before receiving an opposition or other response from the Sears, the Bankruptcy Court granted Mr. Perry's motion, finding that "[i]t appear[s] . . . that the movant has demonstrated excusable neglect as contemplated by Bankruptcy Rule 8002." (Record on Appeal, Ex. 2, Order Granting Motion of Defendant/Debtor Gregory Collins Perry for Enlargement of Time for Within Which to File Notice of Appeal Pursuant to Bankruptcy Rule 8002(c)(2) (Document 2-2) at 1.) The Court permitted Mr. Perry to file his notice of appeal on or before March 7, 2012. (*Id*. at 2.) On the same day, the Sears filed a motion requesting the Bankruptcy Court to reconsider its ruling and find that excusable neglect could not be shown based on a misunderstanding of the applicable rules of procedure. The Bankruptcy Court did not rule on this motion. As stated above, on March 5, 2012, Mr. Perry filed his notice of appeal and on March 19, 2012, the Sears filed their cross-appeal. Subsequently, this Court established a briefing schedule for the parties' submissions relative to their appeals.

Given that the Sears challenge this Court's jurisdiction to hear Mr. Perry's appeal, the Court will begin its review with the Sears' cross-appeal.[2]

---

[1] Unless otherwise notated, citations to the Record on Appeal come from *In re: Gregory Collins Perry*, Civil Action No. 5:12-cv-0917.

[2] The Court has reviewed the *Cross-Appellant Brief of Steve E. Sears and Diane B. Sears* (Document 8), the opposition thereto (Documents 9, 10) and the reply (Document 11). The Court observes that these written submissions were previously filed in *In Re: Gregory Collins Perry*, Civil Action 5:12-cv-0781. By Order dated March 4, 2013, the Court directed that these submissions be made a part of the record in *In Re: Gregory Collins Perry*, Civil Action 5:12-cv-0917.

*II.*

Section 158 of the United States Code provides that district courts have jurisdiction to hear appeals of final judgments, orders and decrees of a bankruptcy court. 28 U.S.C. § 158(a)(1). These appeals "shall be taken by filing a notice of appeal with the clerk within the time period allowed by Rule 8002 of the [Federal Rules of Bankruptcy Procedure.]" Fed.R.Bankr.P. 8001(a). Under the Bankruptcy Rules, a notice of appeal must be filed with the clerk "within 14 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed[.]" Fed.R.Bankr.P. 8002(a). This time period is not an absolute; it may be extended by the timely filing of a request for an extension of time in which to file a notice of appeal. Specifically, Rule 8002 establishes that:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 21 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion, whichever is later.

Fed.R.Bankr.P. 8002(c)(2). This rule is a jurisdictional prerequisite to an appeal in the district court. *Smith v. Dairymen, Inc*., 790 F.2d 1107, 1111 (4th Cir. 1986) ("[O]nly a party who files a notice of appeal properly invokes the appellate jurisdiction of the district court[.]"); *see also In re Latture*, 605 F.3d 830, 831-32 (10th Cir. 2010) (collecting cases finding that a failure to file a timely notice of appeal is a jurisdictional defect barring appellate review of bankruptcy court decisions.). *Tarangelo v. Phillips*, Nos.05-42670, 3:08-CV-081, 2008 WL 1699439, *1 (E. D.

Va. Apr. 10, 2008) ("Without a timely filed notice of appeal, district courts lack jurisdiction over a bankruptcy appeal.")

A district court sitting in appellate review of a disputed bankruptcy court decision reviews factual findings of the bankruptcy court for clear error and legal conclusions *de novo*. *Educ. Credit Mgmt. Corp. v. Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *Educ. Credit Mgmt. Corp. v. Frushour*, 433 F.3d 393, 398 (4th Cir. 2005); *see also* Federal Rule of Bankruptcy Procedure 8013 ("On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.")  The Court observes that the Bankruptcy Court did not make any specific factual findings relative to the nature of Mr. Perry's purported demonstration of excusable neglect.  The court merely made the legal finding that it appeared Mr. Perry had demonstrated excusable neglect as contemplated by the applicable Bankruptcy Procedural Rule.  Thus, the Court will consider this legal determination *de novo*.

*III.*

The issue before this Court is whether the Bankruptcy Court erred in granting Mr. Perry's motion by finding that he sufficiently demonstrated excusable neglect.  In this case, the challenged order of the Bankruptcy Court was entered on January 27, 2012.  Accordingly, under the rules discussed above, Mr. Perry had until February 10, 2012,[3] to file a motion to amend or

---

[3] Rule 9006 of the Federal Rules of Bankruptcy Procedure provides the rules for computing any time period specified in the Rules.  Specifically, to calculate a period stated in days, this rule requires:

> (A) exclu[sion] [of] the day of the event that triggers the period;

7

alter judgment with the Clerk of the Bankruptcy Court, as permitted under Rule 9023. Rule 9023 provides that:

> *Except as provided in this rule* and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, *no later than 14 days after entry of judgment*.

Fed.R.Bankr.P. 9023 (emphasis added). Rule 9006 specifically precludes any enlargement of time for taking action under Rule 9023. Fed.R.Bankr.P. 9006(b)(2). Mr. Perry also had until February 10, 2012, to file a notice of appeal pursuant to Rule 8002, and until February 17, 2012, to seek an extension of time to file his appeal. It is clear from the record in this case that Mr. Perry failed to make any filing prior to February 10, 2012 or February 17, 2012. It was only on February 23, 2012, twenty-seven days after the Bankruptcy Court's January 27, 2012 Order, that Mr. Perry sought an extension of time in which to file his notice of appeal. At the time of that filing, Mr. Perry was already well beyond the parameters of Rule 8002. Therefore, at that point, the Bankruptcy Court should have declared Mr. Perry's request for an extension as untimely.

Instead, the Bankruptcy Court determined that Mr. Perry presented a sufficient argument to show excusable neglect in failing to adhere to Rule 8002. The Sears argue that Mr. Perry has failed to meet the applicable standard because his "counsel's excuse of failure to review the

---

> B) count[ing] every day, including intermediate Saturdays, Sundays and legal holidays; and
>
> (C) includ[ing] the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

Fed.R.Bankr.P. 9006(a)(1). Additionally, this rule generally provides for the enlargement of the time by which any act is required to be done: either for cause shown if a request is made before the expiration of the period of time or upon a showing of excusable neglect if a motion is made after the expiration of the specified period permitting the act to be done. Fed.R.Bankr.P. 9006(b)(1). However, this general rule yields to any enlargement of time sought for taking action under Rule 8002. Fed.R.Bankr.P. 9006(b)(3) ("The court may enlarge the time for taking action under Rule[] . . . 8002 . . . only to the extent and under the conditions stated in th[at] rule[].")

applicable Bankruptcy Rules does not constitute 'excusable neglect[.]'" as that term is defined in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). (Cross-Appellant Brief of Steve E. Sears and Diane B. Sears ("Cross-Appellant Brief") (Document 8) at 2-4.) This Court agrees.

*IV.*

In *Pioneer*, the Supreme Court considered whether "an attorney's inadvertent failure to file a proof of claim within the deadline set by the court [could] constitute 'excusable neglect' within the meaning of [Bankruptcy] Rule [9006(b)(1)]." (*Pioneer*, 507 U.S. at 383.) In *Pioneer*, the attorney failed to file a proof of claim until twenty days after the "bar date" deadline. The attorney explained his untimeliness by pointing to the upheaval in his law practice and arguing that the "peculiar and inconspicuous placement of the bar date" in the notification letter from the Bankruptcy Court resulted in a "dramatic ambiguity." The Bankruptcy Court refused the late filing. Ultimately, the Supreme Court found excusable neglect despite counsel's "failure to apprehend the notice [of the bar date]" because of the "unusual form of notice employed in this case." *Pioneer,* 507 U.S. at 398-99. The Court found it "significant that the notice of the bar date provided by the Bankruptcy Court . . . was outside the ordinary course in bankruptcy cases," and agreed that the placement of the bar date was "peculiar and inconspicuous." *Id*. at 398. However, the Supreme Court gave little weight to the attorney's proffered reason of upheaval in his law practice.

In reaching this determination, the *Pioneer* Court interpreted the term "excusable neglect" by discussing what establishes "neglect," and when that "neglect" is excusable. *Pioneer*, 507 U.S. at 388. The Court considered that the ordinary meaning of "neglect" is "'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to especially

through carelessness.'" (*Id.*) (citing Webster's Ninth New Collegiate Dictionary 791 (1983)). The *Pioneer* Court considered that the word encompassed "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." (*Id.*) Indeed, the Court stated that "Congress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." (*Id.*) The Supreme Court further held that the determination of what sorts of neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." [4]

A. *Neglect*

In consideration of the *Pioneer* test, there can be no doubt that the reason Mr. Perry failed to timely seek relief of the January 27, 2012 Order is the result of neglect. In fact, Mr. Perry's counsel stated that:

> [T]he Defendant Mr. Perry and counsel had evaluated procedural options following the entry of the Court's, January 27, 2012[] Order. The Bankruptcy Rules of Procedure which make reference to . . . many Federal Rules of Civil Procedure are noted as being applicable in Adversary Proceedings[.]
>
> In fact the applicable Bankruptcy Rule . . . , specifically 9023, . . . states in part that Federal Rule of Civil Procedure 59 is applicable in Adversary Proceedings. Upon this determination it was ***hastily***

---

[4] *Skinner v. First Union National Bank*, 178 F.3d 1285, 1286, 1999 WL 261944 (4th Cir. May 3, 1999) (unpublished decision) ("We have indicated that this approach [in *Pioneer*] is not limited to Bankruptcy Rule 9006(b)(1), but has general application to the consideration of excusable neglect."); *see In Re Malone*, No.10-02470, 2011 WL 4542692, *2 (Bankr. D.S.C. Sept. 28, 2011) (applying the *Pioneer* standard to Rule 8002) (citing *In Re Kirkbride*, 2009 WL 3247837, *2 (Bankr. E.D.N.C. Oct. 1, 2009)) (same).

> ***determined*** that a calendaring of a Motion to Alter or Amend would appropriately follow Rule 59 of the Federal Rules of Civil Procedure i.e. twenty eight (28) days from the entry of the Judgment Order. However, ***on more studious review*** of Rule 9023, the specific language varying Bankruptcy Rule 9023 from Federal Rule 59 was ascertained.

(Record on Appeal, Ex. 1, Memorandum in Support of Motion for Enlargement of Time (Document 2-1) at 9) (emphasis added). The nature of Mr. Perry's attorney's conduct is, as he explains, indicative of a careless act, a misreading of the applicable rules and a failure to appreciate the import of the fourteen day time period in Rule 9023.

Additionally, in a blaring defect in his motion for an extension of time, Mr. Perry does not offer any basis for his failure to file a timely notice of appeal or request for an extension of time to do so, as required by Rule 8002. His explanation, on appeal, for this defect is incredible and demonstrates a misconstruction of the rule. (*See* Response to Cross-Appellate Brief of Steve E. Sears and Diane B. Sears ("Perry Resp.") (Document 9) at 6.) ("Rule 8002(b) § (3) [sic] clearly states that the Notice of Appeal Time under Rule 8002(a) is stayed until following any entry of any Order filed pursuant to Rule 9023. The record below reflects that when the Court granted its relief to Mr. Perry, the Appeal Notice was promptly filed, well within fourteen (14) days of the entry.") In the first sentence, Mr. Perry invokes the rule regarding the effect of a Rule 9023 motion on the time for appeal. This argument is wholly immaterial to Mr. Perry's request for an extension of time to file an appeal -- as there is no dispute that he failed to timely file a motion under Rule 9023 to modify or alter judgment, and an extension of time to do so could not be afforded to him under the Bankruptcy Rules. With respect to the latter sentence, his contention that he filed his notice of appeal within the time period allowed by the Bankruptcy Court's February 27, 2012 Order is not debated in this appeal and, as such, is not relevant to the Court's consideration of whether the Bankruptcy Court erred in extending that time to him. At

any rate, given the facts in this case, it is clear that Mr. Perry's counsel's failure to act or to act timely was the result of "neglect."

   *B. Excusable*

However, this Court is hard pressed in any endeavor to conclude that such neglect is pardonable pursuant to the *Pioneer* factors. In this regard, the Sears do not contest the first two factors. This is likely because any prejudice occasioned by Mr. Perry's twenty-seven day delay in seeking to file his notice of appeal could be cured and would have a minimal impact on judicial proceedings. Therefore, these two factors weigh in favor of Mr. Perry.

Rather, the Sears assert that there is evidence illustrating that Mr. Perry's motion for an extension of time to file an appeal was brought in bad faith. The Sears rely on a February 23, 2012 email communication between counsel for the parties. In this email, counsel for the Sears inquired whether Mr. Perry intended to pay the amount awarded in the January 27, 2012 Judgment. Counsel for Mr. Perry simply responded that he would "track him down and ask." The Sears argue that Mr. Perry filed his motion for an extension of time in which to file an appeal only hours after this correspondence, which shows that he and his counsel "had no intention of filing an appeal or any motion to alter or amend the judgment." (Cross-Appellant Brief at 6.) The Court is not persuaded that the email communication aptly portrays an act of bad faith. To find otherwise would require the Court to engage in conjecture and speculation, only to arrive at an untenable inference regarding the intentions of Mr. Perry and his counsel. It is not clear whether Mr. Perry and his attorney's justification for the delay is the result of a willful disregard of the deadline or the creation of an after-the-fact explanation. Consequently, this Court finds that this factor, like the first two, weighs in favor of Mr. Perry.

Finally, this Court is left to consider the reason for the delay, including whether it was within the reasonable control of the movant. (*Pioneer*, 507 U.S. at 395.) In *Thompson v. E.I. DuPont de Nemours & Co.*, the Fourth Circuit Court of Appeals stated that "[t]he most important of the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the third— the reason for the failure to [timely] file." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). Indeed, the Appellate Court warned that "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be." (*Id.*)

Despite Mr. Perry's insistence that the facts here mirror those in *Pioneer*, that simply is not the case. Here, there is no ambiguity with respect to the January 27, 2012 Order awarding damages. The date triggering the time period in which to file a Rule 9023 motion or Rule 8002 appeal was not listed in a "peculiar and inconspicuous" manner. Mr. Perry had knowledge of the court's adverse order as early as January 13, 2012, and he and his attorney contemplated the litigation strategy of filing a motion to amend the judgment. Mr. Perry's failure to act in a timely manner boils down to a misreading of the rules or an ignorance of the rule. In either case, the reason for the delay in failing to timely file a motion to amend judgment, notice of appeal or request for an extension of time to file the appeal is a mistake of law – a matter wholly within the movant's control. Consequently, the Court cannot find that the reason for the delay is of the nature properly deemed excusable conduct. To do so would eliminate the rule and ignore the guidance found in *Pioneer*. As the Supreme Court has recognized "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer*, 507 U.S. at 392; *see In Re: Gantt v. Smith*, 153 F.3d 720 (1998) (unpublished decision) (failing to find excusable neglect where debtor admitted deliberately choosing to miss the applicable deadline because he was awaiting appraisal information and he believed the local custom of the

court allowed such late filings with the implicit consent of the Trustee) (citing *Advanced Estimating Sys., Inc., v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997) (finding that a failure to review or to appreciate the relevant rules is simply a misunderstanding of the law that does not constitute excusable neglect.); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994) (explaining that the excusable neglect standard is not met by showing a lack of familiarity with federal procedure or the operation of federal rules.) This Court has read the Rules cited by counsel for Mr. Perry in his request for an extension of time, Rules 9023 and 8002. These Rules are not ambiguous in their requirements for the time period, and the Court can find no rational basis to excuse counsel's failure to appreciate the procedural rules and applicable case law. Moreover, there are no extraordinary facts in this case that warrant such a pardon. Therefore, this factor weighs against Mr. Perry. Consequently, this Court finds that Mr. Perry has not demonstrated that excusable neglect existed to support or justify an extension of time to file his appeal. Respectfully, this Court finds, in agreement with the arguments proffered by the Sears, that the Bankruptcy Court erred in finding otherwise.

*V.*

In sum, Mr. Perry failed to demonstrate excusable neglect in his request for an extension of time in which to file an appeal. Mr. Perry was aware of the Bankruptcy Court's adverse ruling on January 13, 2012, when it was stated in open court and memorialized in a written order on January 27, 2012. Under Rule 8002, Mr. Perry could have sought an appeal of that ruling as early as January 13, 2012. However, he and his attorney chose to take time to consider filing a Rule 9023 motion. It is arguable that it was this litigation strategy that resulted in Mr. Perry's failure to timely file a Rule 9023 motion or a notice of appeal under Rule 8002 within the fourteen day time period. There is nothing in the record explaining why counsel for Mr. Perry

failed to timely file a request for an extension of time in which to file a notice of appeal. (*See Thompson*, 76 F.3d at 533) ("[T]he [Supreme] Court specifically observed that it was appropriate to hold a client accountable for the mistakes of counsel.") Moreover, even if Mr. Perry could demonstrate a timely filed motion for an extension of time, he has failed to demonstrate excusable neglect. Indeed, even if he had, the Fourth Circuit Court of Appeals has instructed that the mere establishment of excusable neglect does not entitle a party to relief from the deadline. The decision still rests with the court. (*Id.* at 532, n.2.) To the extent that Mr. Perry failed to timely file a motion to alter or amend judgment, notice of appeal or a motion for an extension of time to file an appeal, he cannot now be heard in this Court for the want of jurisdiction. The Court appreciates that this result may arguably be viewed as harsh. However, the Court has no alternative when a deadline is jurisdictional. *Smith*, 790 F.2d at 1111; *In re Latture*, 605 F.3d at 831-32; *Tarangelo*, 2008 WL 1699439, at *1.

*VI.*

For the reasons set forth above, the Court does hereby **ORDER** that the Cross-Appellant's appeal as stated in *In Re: Gregory Collins Perry et al*, Civil Action No. 5:12-cv-0917 (S.D. W. Va. March 29, 2012) be **GRANTED**, inasmuch as the Bankruptcy Court **ERRED** in finding that Mr. Perry demonstrated excusable neglect. The Court remands this case back to the Bankruptcy Court for disposition as contemplated herein.

The Court further **ORDERS** that Mr. Perry's appeal of the Bankruptcy Court's adverse ruling as stated in *In Re: Gregory Collins Perry et al*, Civil Action No. 5:12-cv-0781 (S.D. W. Va. March 20, 2012) be **DISMISSED** and **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Bankruptcy Court, to counsel of record and to any unrepresented party.

                              ENTER:    March 5, 2013

                              IRENE C. BERGER
                              UNITED STATES DISTRICT JUDGE
                              SOUTHERN DISTRICT OF WEST VIRGINIA